M.H. ET AL., APPELLEES, *v.* THE CITY OF CUYAHOGA FALLS,
APPELLANT, ET AL.

[Cite as *M.H. v. Cuyahoga Falls,* 134 Ohio St.3d 65, 2012-Ohio-5336.]

*Political-subdivision tort immunity—R.C. 2744.02—Exception to immunity—*
*Indoor municipal pool—Injury occurred on the grounds of a building that*
*was used in connection with the performance of a governmental function.*

(No. 2011-1588—Submitted June 19, 2012—Decided November 20, 2012.)

APPEAL from the Court of Appeals of Summit County,

No. 25582, 2011-Ohio-3795.

_____

PFEIFER, J.

{¶ 1} The question before us is whether the city of Cuyahoga Falls is immune from liability, pursuant to R.C. Chapter 2744, in an action brought by a minor and his parents after the minor was injured at an indoor swimming pool maintained by the city. For the reasons that follow, we conclude that the city has not shown on its motion for summary judgment that it is entitled to immunity under R.C. 2744.02(A)(1), because under R.C. 2744.02(B)(4), a political subdivision can be held liable for injury caused by the negligence of its employees that occurred within the grounds of buildings used in performing a governmental function. Accordingly, Cuyahoga Falls is not immune from liability, and we affirm the decision of the court of appeals.

**Background**

{¶ 2} Appellee M.H. suffered a broken knee while at the city of Cuyahoga Falls' natatorium. In his complaint, M.H. alleged that the injury had occurred because of negligence on the part of Cuyahoga Falls. Among other defenses, Cuyahoga Falls claimed to be immune from liability pursuant to R.C.

Chapter 2744. Cuyahoga Falls moved for summary judgment, which the trial court granted on the ground that indoor swimming pools do not fall under R.C. 2744.02(B)(4), which sets forth an exception to immunity for injury caused by negligence of a political subdivision's employee within or on the grounds of a building used in connection with a governmental function. The court of appeals reversed, concluding that because the pool was in "a building used in connection with the performance of a governmental function," *M.H. v. Cuyahoga Falls*, 9th Dist. No. 25582, 2011-Ohio-3795, ¶ 20, the exception to political-subdivision tort immunity in R.C. 2744.02(B)(4) applies.

{¶ 3} We accepted Cuyahoga Falls' discretionary appeal. *M.H. v. Cuyahoga Falls*, 130 Ohio St.3d 1493, 2011-Ohio-6556, 958 N.E.2d 956.

**Analysis**

*R.C. Chapter 2744*

{¶ 4} R.C. 2744.02(A)(1) generally confers immunity from liability for injury caused by a political subdivision's acts and omissions "in connection with a governmental or proprietary function."

{¶ 5} R.C. 2744.01(C)(2)(u)(iv) states that the design, maintenance, and operation of a municipal swimming pool are governmental functions.

{¶ 6} R.C. 2744.02(B)(4) states that "political subdivisions are liable for injury * * * that is caused by the negligence of their employees and that occurs within or on the grounds of, and is due to physical defects within or on the grounds of, buildings that are used in connection with the performance of a governmental function."

*Application of R.C. Chapter 2744*

{¶ 7} Cuyahoga Falls is a political subdivision and therefore is able to assert immunity. R.C. 2744.02(A)(1). It is uncontroverted that by maintaining and operating the city of Cuyahoga Falls' natatorium, Cuyahoga Falls was performing a governmental function. Thus, Cuyahoga Falls would be immune

from liability unless an exception to immunity applies. *See generally Cater v. Cleveland*, 83 Ohio St.3d 24, 28-29, 697 N.E.2d 610 (1998).

{¶ 8} This case seems to fit clearly within the exception under R.C. 2744.02(B)(4). The complaint alleged that the city was negligent in the care or control of its pool or diving board and that the negligence caused the injury suffered by M.H. The pool is within a building that is "used in connection with the performance of a governmental function."

{¶ 9} The only impediment that we see to a resolution based solely on the plain language of the statute is language found in *Cater*. In *Cater*, a 12-year-old boy died from complications after nearly drowning in a municipal pool. *Id*. at 24. The appellate court certified a conflict asking " 'whether a governmental function and the absolute immunity provided it under R.C. 2744.01(C)(2)(u) [are] still subject to the exceptions to immunity provided in R.C. 2744.02(B)(3) and (4).' " *Id*. at 27. This court held that "[t]he operation of a municipal swimming pool, although defined as a governmental function in R.C. 2744.01(C)(2)(u), is subject to the exceptions to immunity set forth in former R.C. 2744.02(B) and to the available defenses enumerated in R.C. 2744.03." *Id*. at syllabus.

{¶ 10} In reaching that conclusion, the lead opinion, which no justice joined, discussed R.C. 2744.02(B)(4). "Unlike a courthouse or office building where government business is conducted, a city recreation center houses recreational activities." *Id*. at 31. The opinion expressed concern that imposing liability on a political subdivision for injuries at an indoor swimming pool created an artificial distinction between indoor pools and outdoor pools, for which there would be no liability, because the injury had not occurred in a building. *Id.* at 31-32. We are not persuaded that this language has ongoing relevance. Instead, we conclude that the plain language of the statute is sufficient to guide us in reaching a decision.

**{¶ 11}** It is clear that the operation of a pool is a government function. In this case, it is equally clear that the injury "occur[ed] within or on the grounds of a building that was used in connection with the performance of a governmental function. Accordingly, we conclude that the exception in R.C. 2744.02(B)(4) applies.

### Conclusion

**{¶ 12}** Summary judgment may be granted when "(1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." *Temple v. Wean United, Inc.,* 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977), citing Civ.R. 56(C). Based on our conclusion that the exception to immunity contained in R.C. 2744.02(B)(4) is applicable, Cuyahoga Falls is not entitled to judgment as a matter of law on its motion for summary judgment.

**{¶ 13}** We affirm the judgment of the court of appeals and remand to the trial court for further proceedings consistent with this opinion.

Judgment affirmed

and cause remanded.

O'CONNOR, C.J., and LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Elk & Elk Co., Ltd., Kimberly C. Young, and William J. Price, for appellees.

Paul A. Janis, Cuyahoga Falls Director of Law, and Hope L. Jones, Deputy Director of Law, for appellant.

Paul W. Flowers Co., L.P.A., and Paul W. Flowers, urging affirmance for amicus curiae, Ohio Association for Justice.

_____