[Cite as *O.G. v. Middleburg Hts.*, 2017-Ohio-7604.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 105056**

# O.G., ET AL.

PLAINTIFFS-APPELLANTS

vs.

# CITY OF MIDDLEBURG HEIGHTS, ET AL.

DEFENDANTS-APPELLEES

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-16-858901

**BEFORE:** Laster Mays, J., E.A. Gallagher, P.J., and Stewart, J.

**RELEASED AND JOURNALIZED:** September 14, 2017

-i-

**ATTORNEY FOR APPELLANTS**

Daniel J. Ryan
Ryan L.L.P., Inc.
55 Public Square, 21st Floor
Cleveland, Ohio 44113


**ATTORNEY FOR APPELLEES**

Robert P. Lynch
Kathleen M. Guarente & Associates
Park Center Plaza II, Suite 450
6150 Oak Tree Boulevard
Independence, Ohio 44131

ANITA LASTER MAYS, J.:

**{¶1}** Plaintiffs-appellants, M.G. ("Father") and A.G. ("Mother"), appeal the trial court's grant of summary judgment in favor of appellee city of Middleburg Heights ("city"), finding that the city is immune from liability for an injury sustained by their minor child, O.G., at the city's recreation center ("Center"). We affirm.

## I. Background

**{¶2}** On February 17, 2014, O.G. and his parents attended the basketball game of O.G.'s older sibling at the Center. O.G. and his parents were waiting for the sibling to join them after the game. O.G. was standing by a large cylindrical bar that was part of the machine that operated the roll-up gym divider curtain. The curtain is used to separate the gymnasium into two basketball courts, allowing multiple games to be played at one time. One of the city's employees activated the machine to roll up the curtain after the game.

**{¶3}** O.G. reached out and touched the machine. O.G.'s hand and arm were drawn into the machine, and O.G. was slowly lifted from the floor while Father attempted to help by holding O.G.'s feet. The employee operating the machine was notified, and the machine was deactivated, lowering O.G. to the ground. O.G. suffered a transverse incomplete fracture through the mid-shaft of the humerus bone with mild angulation of the distal fragment of the left arm, resulting in a degree of permanent residual damage to the arm. Appellants state there were no warning signs in the area or sounds indicating

the machine's operation.  O.G. stated he did not know why he reached out and touched the machine as it began moving.

{¶4}  Appellants filed suit on February 12, 2016, alleging negligence and loss of consortium.  After discovery, the city moved for summary judgment on August 26, 2016, asserting political subdivision immunity under R.C. Chapter 2744.  Appellants responded that the city is liable under an exception to immunity pursuant to R.C. 2744.02(B).  The trial court granted the motion on October 15, 2016, and appellants filed the instant appeal.

## II.    Analysis

{¶5}  The single assignment of error posed on appeal challenges the propriety of the trial court's grant of summary judgment.  We review a trial court's entry of summary judgment de novo, using the same standard as the trial court.  *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996).

{¶6}  Summary judgment may only be granted when the following are established:  (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and the conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in its favor.  *Hairless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 67, 375 N.E.2d 46 (1978); Civ.R. 56(C).

{¶7}  The party moving for summary judgment bears the initial burden of apprising the trial court of the basis of its motion and identifying those portions of the

record that demonstrate the absence of a genuine issue of fact on an essential element of the nonmoving party's claim. *Dresher v. Burt*, 75 Ohio St.3d 280, 293, 662 N.E.2d 264 (1996). "Once the moving party meets its burden, the burden shifts to the nonmoving party to set forth specific facts demonstrating a genuine issue of material fact exists." *Willow Grove, Ltd. v. Olmsted Twp.*, 2015-Ohio-2702, 38 N.E.3d 1133, ¶ 15 (8th Dist.), citing *Dresher.* "To satisfy this burden, the nonmoving party must submit evidentiary materials showing a genuine dispute over material facts." *Willow Grove* at ¶ 15, citing *PNC Bank v. Bhandari*, 6th Dist. Lucas No. L-12-1335, 2013-Ohio-2477.

{¶8} R.C. Chapter 2744 exculpates political subdivisions of tort liability when performing governmental or proprietary functions, subject to the statutory exceptions. R.C. 2744.02(A)(1). Determination of immunity involves a tripartite inquiry. The first question is whether the political subdivision is involved in a governmental or proprietary function as defined by R.C. 2744.02(A)(1), establishing immunity. The second question is whether immunity is eliminated by the presence of one of the exceptions listed in R.C. 2744.02(B). If immunity remains intact, there is no need to proceed to step three. If immunity is compromised, the final inquiry is whether immunity is reinstated by R.C. 2744.03(A). *See Maddox v. E. Cleveland*, 8th Dist. Cuyahoga No. 96390, 2012-Ohio-9, ¶ 17; *Jacobs v. Oakwood*, 8th Dist. Cuyahoga No. 103830, 2016-Ohio-5327, ¶ 9-11.

{¶9} The "design, construction, reconstruction, renovation repair, maintenance or operation of an indoor recreational facility is a governmental function." R.C.

2744.01(C)(2)(u)(ii). *Brister v. Cleveland*, 8th Dist. Cuyahoga No. 100016, 2014-Ohio-1232, ¶ 7. The parties do not dispute that the city's operation of the Center is a governmental function is entitled to immunity.

{¶10} We next consider whether immunity is eliminated under R.C. 2744.02(B). Appellants argue that there is a genuine issue of material fact as to whether R.C. 2744.02(B)(4) applies:

> Except as otherwise provided in section 3746.24 of the Revised Code, political subdivisions are liable for injury, death, or loss to person or property that is caused by the negligence of their employees and that occurs within or on the grounds of, and is due to physical defects within or on the grounds of, buildings that are used in connection with the performance of a governmental function, including, but not limited to, office buildings and courthouses, but not including jails, places of juvenile detention, workhouses, or any other detention facility, as defined in section 2921.01 of the Revised Code.

"'[U]nder R.C. 2744.02(B)(4), a political subdivision can be held liable for injury caused by the negligence of its employees that occurred within the grounds of buildings used in performing a governmental function * * *.'" *Brister* at ¶ 9, quoting *M.H. v. Cuyahoga Falls*, 134 Ohio St.3d 65, 2012-Ohio-5336, 979 N.E.2d 1261, ¶ 1.

{¶11} Appellants contend that the three elements establishing liability under R.C. 2744.02(B)(4) are present in this case because the injury was: "'1) caused by employee negligence, 2) on the grounds or in buildings used in connection that governmental activity, and 3) due to physical defects on or within those grounds or buildings.'" *Duncan v. Cuyahoga Community College*, 2012-Ohio-1949, 970 N.E.2d 1092, ¶ 26 (8th Dist.), quoting *Hamrick v. Bryan City School Dist.*, 6th Dist. Williams No. WM-10-014,

2011-Ohio-2572, ¶ 25.  Note, however, that, "'[a]ll of these characteristics must be present.'"  *Id.*

{**¶12**}  There is no evidence in this case that the curtain storage machine constitutes or contains a physical defect:

> "The word 'physical' is defined as 'having a material existence: perceptible especially] through senses and subject to the laws of nature.'  Merriam Webster's New Collegiate Dictionary (10 Ed.1996) 877.  A 'defect' is 'an imperfection that impairs worth or utility.'  *Id*. at 302.  It would seem then that a 'physical defect' is a *perceivable imperfection that diminishes the worth or utility of the object at issue*.  (Emphasis added.)"

*Duncan* at ¶ 26, quoting *Hamrick* at ¶ 28.

{**¶13**}  Post-*Duncan*, this court determined that "a physical defect may include an object or instrumentality that does 'not operate as intended due to a perceivable condition.'" *Smiley v. Cleveland*, 8th Dist. Cuyahoga No. 103987, 2016-Ohio-7711, ¶ 13, quoting *Jacobs*, 8th Dist. Cuyahoga No. 103830, 2016-Ohio-5327, at ¶ 16, citing *Jones v. Delaware City School Dist. Bd. of Edn*., 2013-Ohio-3907, 995 N.E.2d 1252, ¶ 22 (5th Dist.) (finding that a lack of reflective tape and lighting around the edge of an orchestra pit providing indication of a difference in elevation may be deemed a physical defect).

{**¶14**}  The record does not demonstrate that the machine failed to operate properly or that a defect existed.  According to the testimony of the director of the Center, Jeffrey C. Minch ("Minch"), there is no indication in the maintenance and repair records for the machine of any issues, defects, or malfunctions, though the curtain is raised and lowered several times a day.

{¶15} Appellants' negligence allegations are also based on the Center's improper training of employees to operate the machine, failure to warn of the danger to children when the machine was activated, and failure to maintain or operate the machine in a safe manner. Appellants also argue that the Center's employees should have recognized that there was no safety device on the machine to prevent accidents. There is no evidence in the record supporting any of appellants' suppositions including that a safety device was required or missing.

{¶16} We also consider the testimony of Father and O.G. regarding the incident. O.G. had seen the curtain being raised during prior visits. He saw the curtain going up and touched it, but did not know why. Father testified that "a six-year-old sees something like that moving and was curious about it and reached his hand out. And his hand got stuck in there."

{¶17} Based on our review of the record, there is no indication of a "'perceivable imperfection that diminishes the worth or utility'" of the machine, *Jacobs,* 8th Dist. Cuyahoga No. 103830, 2016-Ohio-5327, at ¶ 16, quoting *Canidate v. Cuyahoga Metro. Hous. Auth.*, 8th Dist. Cuyahoga No. 101753, 2015-Ohio-880, ¶ 19. In addition, there is no evidence that the machine "'did not operate as intended due to a perceivable condition.'" *Id.*, quoting *Jones*, 2013-Ohio-3907, 995 N.E.2d 1252, at ¶ 22.

{¶18} We find that, construed in a light most favorable to appellants, there is no genuine issue of material fact. The record lacks evidence of all three necessary factors to constitute an exception to immunity, namely no physical defect. *Duncan,*

2012-Ohio-1949, 970 N.E.2d 1092, at ¶ 26, quoting *Hamrick,* 6th Dist. Williams No. WM-10-014, 2011-Ohio-2572, at ¶ 25.

**{¶19}** The assigned error lacks merit. In light of the failure to impugn immunity, we do not reach the third step of the analysis.

**{¶20}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

EILEEN A. GALLAGHER, P.J., and
MELODY J. STEWART, J., CONCUR