[Cite as *Goddard v. Goddard*, 2020-Ohio-3372.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

DANIEL B. GODDARD,                          :

    Plaintiff-Appellant,                  :

    v.                                              :

LAURENCE V. GODDARD,                  :

    Defendant-Appellee.                  :

No. 109085

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** June 18, 2020

---

Civil Appeal from the Cuyahoga County Common Pleas Court
Probate Division
Case No. 2018ADV239458

---

### *Appearances:*

Paul Croushore, *for appellant.*

Buckley King L.P.A., and Woods King III; Bernstein and Burkley, P.C., and Harry W. Greenfield, *for appellee.*

SEAN C. GALLAGHER, J.:

{¶ 1} Plaintiff-appellant Daniel B. Goddard ("plaintiff") appeals the decision of the Cuyahoga County Court of Common Pleas, Probate Division, that

granted summary judgment in favor of defendant-appellee Laurence V. Goddard ("defendant"). Upon review, we affirm the decision of the trial court.

**Background**

{¶ 2} On December 10, 2018, plaintiff filed a complaint for breach of fiduciary duties against defendant. The complaint alleged that plaintiff is a beneficiary of three trusts and that defendant, who is plaintiff's father, is the trustee over the trusts. Plaintiff claimed that defendant breached his fiduciary duties and sought the removal of defendant as trustee, an accounting of the trusts, modification or termination of the trusts, damages, and other relief.

{¶ 3} The complaint alleged that two of the subject trusts were established in 2005 when plaintiff's parents divorced. One trust instrument was dated May 22, 2005 ("the May 2005 trust") and was a revocable trust. The other trust instrument was dated June 21, 2005 ("the June 2005 trust") and was an irrevocable trust. The complaint further alleged that prior to the divorce, defendant created the Goddard Family, LLC ("the GFLLC"), in which plaintiff has an interest. The complaint states that the third trust instrument purportedly was entered on June 1, 2012 ("the June 2012 trust").

{¶ 4} Plaintiff claimed that he was unaware he was the beneficiary of any trust instrument or agreement until on or about February 29, 2012. Moreover, he claimed that he did not recall signing any trust instrument between himself and defendant at any time and that he never agreed to assign his membership interest in

the GFLLC. The complaint raises a number of other allegations concerning defendant's alleged breach of fiduciary duties involving the trusts.

{¶ 5} Defendant filed an answer that set forth a number of affirmative defenses. In the course of proceedings, defendant was granted leave to file a motion for summary judgment. In defendant's motion for summary judgment, defendant stated that both of the 2005 trusts had been fully administered since at least 2012, that all disbursements were made for plaintiff's benefit, that plaintiff received a complete accounting of trust payments, that plaintiff's interest in the GFLLC was transferred to the June 2012 trust, and that plaintiff's 29.47 percent interest in the GFLLC has remained unchanged. Defendant presented evidence showing that the GFLLC was established by him as part of his estate planning for his family and that the operating agreement confers decision-making authority on him as the manager of the GFLLC. Defendant stated that advancements made for plaintiff's benefit from the GFLLC were added to the loan account from the GFLLC and kept as part of the financials of the GFLLC. Defendant set forth additional arguments and attached documentation to his motion, including supporting affidavits, bank statements, trust accountings, and financial records. He also referred to other evidence already in the record. Additionally, defendant argued that plaintiff's claims were barred by the statute of limitations under R.C. 5810.05.

{¶ 6} Plaintiff opposed defendant's motion for summary judgment. Plaintiff conceded "that the 2005 trusts have been administered and therefore no genuine issue of material fact exists as to his claims relating to the administration of

those trusts." Plaintiff argued that genuine issues of fact remained regarding the creation and execution of the June 1, 2012 trust and claimed he could not have signed the trust instrument since defendant's visit to New York occurred before the effective date of the trust instrument. Plaintiff provided an affidavit in which he denied signing the trust instrument. He also argued that the value of his membership interest in the GFLLC was in dispute, noting its "modest growth." Plaintiff claimed that he believed the disbursements to him from the GFLLC were gifts from defendant as opposed to a loan, and he asserted that defendant's accounting of the money as a loan was a breach of fiduciary duty. He also pointed to delays in being provided with tax documents related to his interest in the GFLLC. He made many accusations and claimed that genuine issues of material fact existed as to whether defendant breached his fiduciary duty "by [not] acting as a prudent investor in administering the plaintiff's trust" and as to whether the defendant acted in good faith in administering the trust and as manager of the GFLLC.

{¶ 7} On September 6, 2019, the trial court granted summary judgment in favor of defendant. The trial court found that plaintiff "became aware of the 2005 Trusts and the fact that there was a Trust that held the [GFLLC] by email from the Defendant on March 1, 2012" and that the 2005 trusts had been fully administered. The trial court held that plaintiff was barred by the four-year statute of limitations under R.C. 5810.05(C) from raising any issues regarding the 2005 trusts, including any activity regarding the GFLLC before March 1, 2012. The court also recognized plaintiff conceded in his brief in opposition to summary judgment that the 2005

trusts were not in issue. The trial court proceeded to find there were no genuine issues of material fact regarding the June 2012 trust. The trial court found plaintiff submitted a self-serving affidavit averring that he did not sign the trust instrument. The court recognized that plaintiff claimed he could not have signed the trust because defendant was not in New York on June 1, 2012, but that the signature line on the trust document was not dated. The court also noted a separate document dated June 1, 2012, that assigned his interest in the GFLLC to the 2012 trust and an email dated March 1, 2012, that was sent to plaintiff referencing a trust related to the GFLLC and the need to sign papers when defendant visited him in New York. The trial court also found plaintiff was on notice that payments for his expenses were not gifts by his father. The trial court referenced an email that clearly stated that insurance premiums, medical bills, and other expenses were paid by the trusts and/or the GFLLC. The court further found the exhibits filed by both parties established that "Plaintiff knows, or should know, the value of Plaintiff's membership interest in GFLLC." The trial court found that "the remainder of the Plaintiff's claims, regarding the June 1, 2012 Trust" were not supported by the evidence and that the statements in plaintiff's affidavit were contradicted by the record. In granting defendant's motion for summary judgment, the trial court concluded that plaintiff failed to demonstrate any genuine issues of material fact or set forth any evidence of a breach of fiduciary duty.

{¶ 8} Plaintiff timely filed this appeal.

**Law and Analysis**

**{¶ 9}** Appellate review of summary judgment is de novo, governed by the standards set forth in Civ.R. 56. *Argabrite v. Neer*, 149 Ohio St.3d 349, 2016-Ohio-8374, 75 N.E.3d 161, ¶ 14. Summary judgment is appropriate only when "[1] no genuine issue of material fact remains to be litigated, [2] the moving party is entitled to judgment as a matter of law, and [3] viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can reach a conclusion only in favor of the moving party." *Id.*, citing *M.H. v. Cuyahoga Falls*, 134 Ohio St.3d 65, 2012-Ohio-5336, 979 N.E.2d 1261, ¶ 12. Once the moving party has satisfied its initial burden of identifying specific facts in the record that demonstrate an entitlement to summary judgment under Civ.R. 56, the nonmoving party has a reciprocal burden to set forth specific facts showing there is a genuine issue for trial. *Crenshaw v. Cleveland Law Dept.*, 8th Dist. Cuyahoga No. 108519, 2020-Ohio-921, ¶ 33, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 1996-Ohio-107, 662 N.E.2d 264.

**{¶ 10}** Under his sole assignment of error, plaintiff argues that the trial court erred in finding the statute of limitations had begun to run on March 1, 2012, as to the June 2012 trust. Plaintiff claims that his knowledge of the existence of the 2005 trusts on June 1, 2012, is not dispositive of when he knew or should have known of the alleged impropriety or when his claims accrued.

**{¶ 11}** Initially, we recognize that the trial court determined that "the Plaintiff is time barred from raising issues regarding trusts existing [as of March 1, 2012] to which he is a beneficiary, including any activity regarding the GFLLC before

that time." The only trusts in existence as of March 1, 2012, were the May 2005 trust and the June 2005 trust. The trial court proceeded to find that "the remainder of the Plaintiff's claims, regarding the June 1, 2012 Trust" were not supported by the record. Our review reflects that summary judgment was appropriately granted in defendant's favor.

{¶ 12} The record reflects that the 2005 trusts were established upon the divorce of plaintiff's parents and had been fully administered since at least 2012. Plaintiff did not dispute that payments from the June 2005 trust were made for his benefit. The checks were drawn on plaintiff's trust bank account, and defendant provided bank records, financial statements, and other documents detailing the activity of the trusts. Evidence also showed that the GFLLC had been established and capitalized by defendant as an estate planning tool for his family on March 20, 2000. The operating agreement of the GFLLC conferred decision-making authority on defendant as the manager of the limited liability company. Plaintiff's membership interest in the GFLLC was initially held in the May 2005 trust and was the only asset of that trust. Evidence was provided showing that plaintiff's interest in the GFLLC was transferred to the June 2012 trust and that his interest in the GFLLC remained unchanged. In his opposition to summary judgment, "Plaintiff concede[d] that the 2005 trusts have been administered and therefore no genuine issue of material fact exists as to his claims relating to the administration of those trusts." Thus, the record demonstrates that summary judgment was warranted in defendant's favor with regard to the 2005 trusts.

{¶ 13} Not only did plaintiff concede the lack of any genuine issue of material fact relating to the administration of the 2005 trusts, but also, we agree with the trial court that the four-year statute of limitations under R.C. 5810.05(C) also bars any claims regarding the 2005 trusts, including any activity regarding the GFLLC before that time. Evidence of an email sent to defendant on March 1, 2012, reflects that plaintiff was made aware of the existence of trusts that had been set up by defendant, that distributions were made for plaintiff's benefit, and that the trusts had been substantially depleted. The email also referred to a "trust related to a company called Goddard Family LLC," which was described as "an estate planning vehicle and fund for family emergencies." Upon receiving this email, plaintiff should have been aware that his father was administering the trusts and that the disbursements received by plaintiff for his expenses were paid with funds from the trusts or were made from the GFLLC. Accordingly, we find no error by the trial court.

{¶ 14} Defendant argues that because the assignment of error as presented should be overruled, that any additional arguments should be disregarded. We shall exercise our discretion in this regard; however, we recognize that plaintiff makes a cursory argument that the trial court erred in making its findings with regard to the June 2012 trust, makes general arguments that each of his claims should survive, and fails to point to sufficient evidence in the record upon which to find that any genuine issue of material fact exists in regard to his claims.

{¶ 15} Plaintiff argues that the trial court erred in its findings regarding the execution of the June 2012 trust. The trial court noted evidence to contradict

plaintiff's self-serving averment that he did not sign the June 2012 trust instrument and his challenge to the circumstances surrounding its execution. The record shows that the signature on the June 2012 trust instrument was not dated, the March 1, 2012 email sent by defendant indicated that plaintiff needed to sign a document related to the trust "[w]hen I see you in NY," plaintiff did not dispute that defendant visited him in New York on March 16-17, 2012, and there was a separate document that assigned plaintiff's interest in the GFLCC. Also, we note that plaintiff provided no corroborating evidence to demonstrate that his signature on the instruments was not authentic and he failed to sufficiently demonstrate any genuine issue of material fact regarding the execution of these instruments. *See U.S. Bank Natl. Assn. v. Bobo*, 4th Dist. Athens No. 13CA45, 2014-Ohio-4975, ¶ 1; *Fifth Third Bank v. Jones-Williams*, 10th Dist. Franklin No. 04AP-935, 2005-Ohio-4070, ¶ 27-29.

{¶ 16} The trial court further determined that plaintiff was on notice of the source of funds used for his maintenance, that he knew or should have known of the value of his interest in the trust, and that there was insufficient evidence of a breach of fiduciary duty. Although plaintiff argues that the trial court erred in these findings, he fails to cite to sufficient evidence in the record to demonstrate that there is a genuine issue of material fact. Throughout this case, plaintiff has done little more than make self-serving statements and bald accusations to contradict the evidence presented by defendant.

{¶ 17} Defendant presented evidence in support of his motion for summary judgment pursuant to Civ.R. 56. The evidence showed that plaintiff's membership

interest in the GFLLC was unchanged and that no disbursements had been made from the trust. Rather, funds were provided to plaintiff as advancements from the GFLLC and were treated as interest-free loans. These advancements were added to a loan account kept for plaintiff as part of the financials of the GFLLC. Plaintiff's 29.47 percent interest in the GFLLC remained unchanged.

{¶ 18} Plaintiff acknowledged in the complaint that he was provided with financial statements and balance sheets of the GFLLC, tax forms detailing plaintiff's interest in the GFLLC, and account statements, all of which were consistent with the reporting requirements set forth under R.C. 5808.13(C). In support of the motion for summary judgment, defendant provided supporting documentation reflecting the disclosures that were made to plaintiff. Additionally, plaintiff was provided with a full accounting in January 2015.

{¶ 19} Insofar as plaintiff claimed that he believed funds were gifted from his father, as opposed to a loan, the evidence in the record refuted this argument. Plaintiff was informed in the email dated March 1, 2012, that the distributions for his insurance premiums, medical bills, and other expenses were paid by the trusts and/or the GFLLC. As the trial court found, "the Plaintiff's own Exhibit G also dispels his asserted belief that his father was paying his medical and other bills out of his own funds as a gift."

{¶ 20} Our de novo review of the matter reflects that defendant satisfied his initial burden of identifying specific facts in the record that demonstrate an entitlement to summary judgment under Civ.R. 56. Plaintiff made self-serving

assertions that are contradicted by the record, and he fails to point to any specific facts that give rise to any breach of fiduciary duty or that support his claims for removal of defendant as trustee, an accounting, or modification or termination of the trusts. A nonmovant may not rely on his own unsupported and self-serving assertions, offered by way of affidavit and without corroborating materials, to defeat a well-supported motion for summary judgment. *Brehm v. MacIntosh Co.*, 10th Dist. Franklin No. 19AP-19, 2019-Ohio-5322, ¶ 36, citing *Eichenberger v. Tucker*, 10th Dist. Franklin No. 12AP-515, 2013-Ohio-805, ¶ 9; *Merino v. Levine Oil Ents., L.L.C.*, 2019-Ohio-205, 131 N.E.3d 368, ¶ 36 (7th Dist.). Plaintiff failed to set forth sufficient evidence to meet his reciprocal burden pursuant to Civ.R. 56 and demonstrate a genuine issue of material fact regarding his claims.

{¶ 21} After reviewing the record in the light most favorable to plaintiff, we conclude that defendant is entitled to summary judgment. Appellant's assignment of error is overruled.

{¶ 22} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, probate division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, JUDGE

MARY J. BOYLE, P.J., and
RAYMOND C. HEADEN, J., CONCUR