[Cite as *Papa's Homes, L.L.C. v. Maple Park Terrace Condominium Assn., Inc.*, 2020-Ohio-5621.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

PAPA'S HOMES, L.L.C.,                         :

    Plaintiff-Appellant,            :

                                   No. 109298

    v.                                          :

MAPLE PARK TERRACE                    :
CONDOMINIUM ASSOCIATION, INC.,

    Defendant-Appellee.            :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** December 10, 2020

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-18-904652

---

### *Appearances:*

Michael Westerhaus, *for appellant.*

Ott & Associates Co., L.P.A., Steven M. Ott, and Lindsey A.
Wrubel, *for appellee.*

SEAN C. GALLAGHER, J.:

{¶ 1} Papa's Homes, L.L.C., appeals the judgment entered in favor of Maple Park Terrace Condominium Association, Inc., upon a motion for summary judgment. For the following reasons, we affirm.

{¶ 2} Maple Park is incorporated under R.C. Chapter 5311 to administer the property known as Maple Park Terrace Condominium Unit Owners Association, Inc. The corporation maintains a building containing condominium units and the attached common areas and structures associated therewith. Papa's Homes owns one of the units within the complex. According to Papa's Homes, a water leak originating from above caused damage to Papa's Homes' interior structure — in its presuit written communications with Maple Park, it was specified that the water caused damage to the floor and ceiling of Papa's Homes' unit. Papa's Homes claims that the ceiling and flooring are part of the common structure under the control and maintenance of Maple Park and that unit owners are only responsible for the fixtures and interior space of the unit. In response to Papa's Homes' request for the association to remediate the damage, Maple Park sought clarification on the cause of the damage, stating that it would be responsible to fix any water intrusion caused by its maintenance responsibility that caused damage to what Maple Park considered to be Papa's Homes' property, but if the source of the water damage was a leak from another unit's fixtures or utilities, that party would bear responsibility. Papa's Homes has never provided information as to the source of the water intrusion.

{¶ 3} After the unsuccessful attempt to have Maple Park cover the costs to repair its interior ceiling and floor, and the accompanying mold, Papa's Homes unilaterally initiated an insurance claim against Maple Park's insurance policy, despite being told only the board of directors for the association could take that step.

Although the insurance provider remitted a check based on Papa's Homes' claim, the check was payable to Maple Park as the policy holder. Papa's Homes forwarded the check to Maple Park in the hopes of having the proceeds distributed.

{¶ 4} Maple Park returned the check to the insurance company, stating that no claim was properly instituted since only representatives for Maple Park can initiate a claim against that policy. Maple Park further notified Papa's Homes that any request to file a claim against the association's insurance policy would be declined unless documentation was provided demonstrating that the association was responsible for the cause of the water intrusion, again based on the presumption that the damage was caused to portions of the unit under the owner's maintenance and repair responsibility. Maple Park further cited Article X, Provision B of the Declaration of Condominium Ownership for Maple Park Terrace ("Declaration"), which provides that each owner of a condominium unit is responsible for maintaining, repairing, or replacing at his own costs all portions of the family unit, all internal installations and fixtures, "all windows and doors of his Family Unit and all associated structures and fixtures therein, which are appurtenances to the family unit." *Id.*

{¶ 5} According to Papa's Homes, the unit "consists of all of the space enclosed and bounded by the perimeter walls, floors and ceiling of each such unit, and shall include all fixtures within such boundaries of each such Unit, which serve

such Unit only."[1]  Papa's Homes claims that the floor and ceiling damage on the interior of its unit is outside the scope of how the family unit is defined, and therefore, it is responsible only for the interior space between the specified boundaries, but not the boundary itself.  The logical conclusion from Papa's Homes' interpretation is that every unit owner in Maple Park would necessarily be required to seek permission to "make alterations" to the interior walls, ceiling, or floor within the interior of the family unit before any alteration could take place (such as replacing flooring material or installed carpeting) under Article X, Provision B(6).  That provision provides that no owner is permitted to "make any alterations in the portions of the Family Unit or the building which are to be maintained by [Maple Park] * * * without first obtaining written consent of the Managers."  *Id.*  There is no evidence of such a requirement.  In fact, the Declaration appears to contemplate that the "boundary" is included within the definition of the family unit.  Under Article X, Provision B(4), a unit owner may not paint, decorate, or change the appearance of any portion of the building not "within the walls" of the family unit — suggesting that the walls within the family unit are considered to be part of the family unit and

---

[1] Although it appears that Schedule 2 attached to the Declaration, which contains the definition of "Family Unit," is not part of the appellate record, Maple Park has not objected to this court's consideration of the definition under the de novo review of the trial court's Civ.R. 56 determination.  *LTF 55 Properties v. Charter Oak Fire Ins. Co.*, 8th Dist. Cuyahoga No. 108956, 2020-Ohio-4294, ¶ 34 (the failure to otherwise object to improperly admitted evidence submitted by a party in consideration of a motion for summary judgment waives any error in considering that evidence under Civ.R. 56(C)), quoting *Citizens Bank, N.A. v. Richer*, 8th Dist. Cuyahoga No. 107744, 2019-Ohio-2740, ¶ 32, and *Stegawski v. Cleveland Anesthesia Group, Inc.*, 37 Ohio App.3d 78, 83, 523 N.E.2d 902 (8th Dist.1987).

thus exempted from the requirement to seek permission to make alterations to the portions of the building that are to be maintained by Maple Park.

{¶ 6} Nevertheless, after no evidence implicating the condominium association's maintenance of the building's structure or common areas was produced, Maple Park notified Papa's Homes of its belief that the upstairs unit owner experienced a leak in a toilet causing the water intrusion into Papa's Homes' unit, and because Maple Park was not responsible for causing the water damage or for the maintenance of the interior floor and ceiling, the association's insurance policy was not applicable. Maple Park again offered Papa's Homes the opportunity to demonstrate that the water intrusion was the responsibility of the association.[2]

{¶ 7} Papa's Homes initiated a lawsuit against Maple Park seeking reimbursement for the cost to remediate the water damage to the interior structure of its unit, claiming that such damage was considered to the common area for which the condominium association was responsible. During the pretrial proceedings, Maple Park filed a motion for summary judgment under Civ.R. 56, claiming that there was no evidence that the leak was caused by anything related to a utility or structure that fell under Maple Park's obligation to maintain. According to Maple

---

[2] There is no evidence in the record demonstrating the actual source of the water intrusion. Any discussion as to that source appears only in Papa's Homes and Maple Park's correspondence attached to the affidavit of Maple Park's property manager, in which Maple Park iterated its belief that the water damage emanated from a leaky toilet in another unit. On this point, for the purposes of this appeal, the parties primarily rely on the allegation in the complaint that Papa's Homes suffered water damage "apparently from the Unit above, to the interior of [its] unit." Maple Park denied that allegation in its answer.

Park, Papa's Homes' recourse was to seek damages from the neighbor from where the water intrusion originated or to institute an insurance claim with its own policy provider. Papa's Homes responded that the interior structure, its flooring and ceiling, damaged by the water leak was the responsibility of the condominium association under the express terms of the Declaration and that it was not required to prove its claim within the summary judgment proceedings. Papa's Homes provided no evidence in support of its brief in opposition to the summary judgment but, instead, relied on the allegations in the complaint as a basis to state the existence of a genuine issue of material fact with respect to the source of the water intrusion and the extent of the interior damage. The trial court granted judgment in favor of Maple Park based on the undisputed evidence presented through its affidavits and accompanying documentary evidence.[3] *See, e.g., Maddy v. Honeywell Internatl. Inc.,* 8th Dist. Cuyahoga Nos. 108698 and 109066, 2020-Ohio-3969, ¶ 71 (concluding that documents may be introduced as evidentiary material under Civ.R. 56(E) through a properly framed affidavit); *Natl. Collegiate Student Loan Trust 2005-3 v. Demers*, 2d Dist. Clark No. 2018-CA-93, 2019-Ohio-1475, ¶ 16 (same).

{¶ 8} Appellate review of summary judgment is de novo, governed by the standards set forth in Civ.R. 56. *Argabrite v. Neer*, 149 Ohio St.3d 349, 2016-Ohio-

---

[3] Although the ruling granted judgment in favor of Maple Park upon the claims in the complaint, the trial court found issues of material fact with respect to Maple Park's compulsory counterclaims. Those counterclaims were eventually dismissed, terminating all claims as between all parties in the action.

8374, 75 N.E.3d 161, ¶ 14. Summary judgment is appropriate only when "[1] no genuine issue of material fact remains to be litigated, [2] the moving party is entitled to judgment as a matter of law, and [3] viewing the evidence in the light most favorable to the nonmoving party, reasonable minds can reach a conclusion only in favor of the moving party." *Id.*, citing *M.H. v. Cuyahoga Falls*, 134 Ohio St.3d 65, 2012-Ohio-5336, 979 N.E.2d 1261, ¶ 12. Once the moving party has satisfied its initial burden of identifying specific facts in the record that demonstrate an entitlement to summary judgment under Civ.R. 56, the nonmoving party has a reciprocal burden to set forth specific facts showing there is a genuine issue for trial. *Crenshaw v. Cleveland Law Dept.*, 8th Dist. Cuyahoga No. 108519, 2020-Ohio-921, ¶ 33, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 1996-Ohio-107, 662 N.E.2d 264.

{¶ 9} Under the sole assignment of error, Papa's Homes claims (1) that the trial court erred in granting summary judgment because a plaintiff has no burden to prove its case in a complaint under Civ.R. 8(A), which only requires a short and plain statement of a claim for relief; and (2) that the trial court erred in concluding that Papa's Homes was responsible for the cost to repair the interior structure of the unit because under the terms of the Declaration a unit owner is only responsible for the interior space of the unit, between the walls and ceiling, but not the wall or ceiling itself. Neither claim has merit.

{¶ 10} Although it is true that a short and plain statement of a claim under Civ.R. 8 should survive a motion to dismiss under Civ.R. 12, such a conclusion is

irrelevant to the current proceedings, which proceeded under Civ.R. 56. Under the latter rule, summary judgment "shall be" entered "if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact" demonstrate that there are no genuine issues of material fact and "the moving party is entitled to judgment as a matter of law." Civ.R. 56(C). Further, when a moving party properly supports its motion for summary judgment, "an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E); *Dresher* at 293.

{¶ 11} In this case, Papa's Homes alleged that a water leak caused damage to the interior structure of its unit. Maple Park provided an affidavit from representatives of the condominium association, which authenticated the communications it received from Papa's Homes stating their belief, in part based on Papa's Homes' representation, that the cause of the damage to the Papa's Homes unit originated from the upstairs neighbor. After the damage occurred, Papa's Homes sent a letter documenting that the floor and ceiling in its unit had been damaged. Further, through the same affidavits, Maple Park authenticated the Declaration that set forth the unit owner's responsibility to make repairs to all portions of the unit, including the doors and windows and all structures and fixtures that are appurtenances to the family unit.

{¶ 12} Under Article X, Provision B of the Declaration, the unit owner is responsible "to maintain and repair all windows and doors of his Family Unit and of all associated structures and fixtures therein, which are appurtenances to his Family Unit." Although it would be tempting to narrowly construe that provision in this appeal so that "all associated structures" merely modified the obligation to repair the windows and doors, such an interpretation would effectively obviate the remaining portions of that clause that expressly refer to all structures and fixtures "therein, which are appurtenances to the family unit." The phrase "structures and fixtures therein" must necessarily be considered as referencing the family unit, and not just the windows and doors. "Appurtenances" is a broadly defined term of art. *See, e.g., Terry v. Kellstone, Inc.*, 6th Dist. Erie No. E-12-061, 2013-Ohio-4419, ¶ 34, quoting *Black's Law Dictionary* 118 (9th Ed.2009). "An appurtenance is defined as 'something that belongs or is attached to something else.'" *Id.* And further, "[t]he Dictionary of Real Estate Appraisal, at 127, defines 'fixture' as: 'An article that was once personal property but has since been installed or attached to the land or building in a rather permanent manner, regarded in law as part of the real estate.'" *Litton Sys. v. Tracy*, 88 Ohio St.3d 568, 572, 2000-Ohio-427, 728 N.E.2d 389. Papa's Homes has not asked for a narrow interpretation of that provision and provides no analysis with respect to whether the floor or ceiling is contemplated under the broader definitions. App.R. 16(A)(7). In relying on the section, Maple Park necessarily presumes that the ceiling and floor are covered thereunder.

{¶ 13} Thus, the more pertinent question, largely left unanswered by Papa's Homes, is whether the floor and ceiling alleged to have been damaged would be considered part of the unit owner's responsibility under the phrase "all associated structures and fixtures therein, which are appurtenances to the family unit" or whether another provision within the Declaration controls the outcome. In light of the fact that Maple Park in part relied on Article X, Provision B, in support of summary judgment, the burden shifted to Papa's Homes to demonstrate an ambiguity in the contractual language or evidence upon which it could be concluded that a genuine issue of fact existed for trial as to whether the damage by the water intrusion to the ceiling and flooring was Maple Park's responsibility.

{¶ 14} Thus, under Civ.R. 56, Papa's Homes bore the burden to demonstrate, with evidence contemplated under that rule, that a genuine issue of material fact existed for trial or that the terms of the Declaration were susceptible to multiple interpretations necessitating resolution by the trier of fact. Either way, Papa's Homes cannot rely on the allegations in the complaint to satisfy its reciprocal burden. Civ.R. 56(E); *Dresher*, 75 Ohio St.3d at 293, 662 N.E.2d 264. In light of the fact that Maple Park satisfied its burden of proof to demonstrate the absence of genuine issues of material fact, the burden shifted to Papa's Homes to present conflicting evidence. Papa's Homes' reliance on the allegations in the complaint is not sufficient to withstand the properly framed and supported motion for summary judgment. There is no merit to the argument otherwise.

{¶ 15} And finally, Papa's Homes has not identified any provision of the Declaration to support its claim that the condominium association is responsible for repairing damage to the interior structure or the floors and ceiling of the unit such that the condominium association's insurance policy, which covers damages to the common areas for which the association is responsible, would be relevant. Papa's Homes argues that Maple Park's own interpretation of the Declaration is not relevant, but provides no source for its claim that the Declaration set forth the condominium association's responsibility to repair the interior structures of a unit, including the ceiling and flooring, nor does Papa's Homes provide a reasonable interpretation of the Declaration to support its conclusion. App.R. 16(A)(7). Instead, Papa's Homes appears to argue that the contractual interpretation in this case is a matter for trial, despite the lack of an argument demonstrating an ambiguity in the terms of the Declaration.

{¶ 16} If a contract is clear and unambiguous, then its interpretation is a matter of law. *Davis v. Loopco Industries, Inc.*, 66 Ohio St.3d 64, 66, 1993-Ohio-195, 609 N.E.2d 144. Papa's Homes has not demonstrated, let alone argued, that the terms of Article X, Provision B, as read in conjunction with the definition of "unit" it provided, are ambiguous. *See, e.g., Koslowski v. Co-Moor Townhouse Idlewood S. Condominium #5 Assn.*, 8th Dist. Cuyahoga No. 97508, 2012-Ohio-3254, ¶ 11 (although the unit owner is responsible for all interior walling and flooring including a subfloor slab, the association is responsible for the substrate that supports the owner's subfloor as a matter of law). As a result, the interpretation of

the Declaration is a matter of law and capable of resolution under Civ.R. 56, and the trial court did not err by finding in favor of Maple Park as a matter of law.

{¶ 17} In light of the limited arguments presented, we are unable to conclude that that the ceiling and flooring damaged by the alleged water leak that originated from the upstairs neighbor's unit is the responsibility of the association or that the trial court erred in finding the contractual language to be unambiguous. Papa's Homes has not demonstrated any ambiguity in the terms of the Declaration stating that the unit owner is responsible for all costs to repair internal installations, fixtures, windows, and doors, along with all associated structures and fixtures, which are appurtenances to the family unit, and is also responsible for the cost to repair all portions of the unit, defined as the space enclosed and "bounded by the perimeter walls, floors and ceiling" of each such unit. The trial court did not err in concluding that the association is entitled to judgment as a matter of law.

{¶ 18} In light of the foregoing, we affirm.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, JUDGE

MARY J. BOYLE, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR