[Cite as *Estate of Henderson v. Henderson*, 2018-Ohio-5264.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

ESTATE OF MARTHA HENDERSON, et al.

      Appellants

      v.

GENE T. HENDERSON, et al.

      Appellee

C.A. No.     18CA011301

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    11CV173565

DECISION AND JOURNAL ENTRY

Dated: December 28, 2018

TEODOSIO, Judge.

{¶1} The Estate of Martha L. Henderson, Thomas L. Henderson, and James P. Henderson appeal the judgment of the Lorain County Court of Common Pleas granting Gene T. Henderson's motion for partial summary judgment. We reverse and remand.

I.

{¶2} Thomas L. Henderson, James P. Henderson, and Gene T. Henderson are the sons of James Peter Henderson and Martha L. Henderson. In February 2007, both parents purportedly executed a durable power of attorney appointing Gene Henderson as attorney-in-fact. James Peter Henderson died in December 2007, and Martha Henderson died in November 2010, leaving her estate to her three sons in equal shares. Thomas and James P. Henderson are the executors of the Estate of Martha L. Henderson.

{¶3} In September 2011, the Estate of Martha L. Henderson, Thomas L. Henderson, and James P. Henderson (collectively, "the Estate") filed their complaint against Gene T.

Henderson, among other defendants, stating claims for breach of fiduciary duty; fraud, deceit, and misrepresentation; undue influence; constructive trust; accounting; conversion; tortious interference with expectancy; replevin; and punitive damages/attorney fees. Of particular significance to the claims was a wire-transfer transaction occurring in September 2007 that transferred $185,820.00 from a money market account at School Employees Lorain County Credit Union ("Credit Union") held by Martha and/or James Peter Henderson to an account held by Gene Henderson. The Estate alleged that the wire-transfer was the result of the wrongful actions of Gene Henderson, and demanded the funds be turned over to the estate.

{¶4} Upon a motion filed by Gene Henderson, the trial court granted partial summary judgment in December 2017, and in March 2018, added language to the judgment entry determining that there was no just cause for delay pursuant to Civ.R. 54(B). The Estate now appeals, raising one assignment of error.

II.

ASSIGNMENT OF ERROR

> THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN
> FAVOR OF DEFENDANT-APPELLEE ON THE ESTATE'S CLAIM TO
> CLAW BACK A $185,000 WIRE TRANSFER WHERE SIGNIFICANT
> FACTUAL ISSUES ABOUT THE CIRCUMSTANCES UNDER WHICH THE
> WIRE TRANSFER WAS MADE SHOULD HAVE BEEN PRESENTED TO
> THE FACTFINDER FOR RESOLUTION.

{¶5} In its assignment of error, the Estate argues the trial court erred in granting summary judgment in favor of Gene Henderson with regard to the issue of the wire transfer. We agree.

{¶6} Appellate review of an award of summary judgment is de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). Summary judgment is appropriate under Civ.R. 56 when: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is

3

entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977), citing Civ.R. 56(C). A court must view the facts in the light most favorable to the non-moving party and must resolve any doubt in favor of the non-moving party. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358–359 (1992). A trial court does not have the liberty to choose among reasonable inferences in the context of summary judgment, and all competing inferences and questions of credibility must be resolved in the nonmoving party's favor. *Perez v. Scripps–Howard Broadcasting Co.*, 35 Ohio St.3d 215, 218 (1988).

{¶7} The Supreme Court of Ohio has set forth the nature of this burden-shifting paradigm:

[A] party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party.

*Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996).

{¶8} In making its determination to grant summary judgment, the trial court relied upon the affidavit of Mary Ann Remick, a bank officer for the Credit Union, finding that "[t]he

wire transfer was completed solely by Pete, at his direction, with no involvement by Gene." The trial court went on to find:

> The Affidavit of Remick is compelling and substantially unchallenged. She was a bank officer at the Credit Union who *personall*y handled the wire transfer. She recalls in great detail the specifics of the transaction and is adamant that Pete was alone, conducted the wire transfer himself, and that no POA's were involved. She testified that Pete was well-within his right to make the wire transfer, that the funds were his, and that there was no reason that the Credit Union should have dishonored Pete's wire-transfer instructions.

(Emphasis sic.) The trial court stated that "[t]he evidence [was] overwhelming that on September 21, 2007, James "Pete" Henderson went to the Credit Union and wire-transferred the sum of $185,820.00 from one of his accounts to Gene." The court proceeded to note that although "the wire-transfer does not 'feel' right * * * it was within Peter's legal authority to send it." Finally, the trial court concluded as follows:

> Because there are no genuine issues of material fact in dispute, to wit: the wire-transfer made by Pete during his lifetime from his own account, without any undue influence or fraud, Gene's Motion for Partial Summary Judgment is hereby well-taken and GRANTED. All claims by Plaintiffs relative to the wire-transferred funds are dismissed.

**{¶9}** We conclude the trial court erred in finding that "[t]he evidence [was] overwhelming that on September 21, 2007, James "Pete" Henderson went to the Credit Union and wire-transferred the sum of $185,820.00 from one of his accounts to Gene." The affidavit of Thomas L. Henderson which was considered by the trial court provided testimony that it was difficult for James Peter Henderson to walk 10 to 20 feet and that it would have been physically impossible for him to walk a greater distance. The affidavit further provides:

> [T]he idea that my father could have walked into the Lorain County School Employees Credit Union on September 21, 2007, by himself, and engaged with a credit union employee to initiate a wire transfer transaction, as set forth in Mary Ann Remick's affidavit in support of Defendant's motion for partial summary judgment, is unthinkable. It could not have happened. On that date, my father was physically and mentally incapable of doing what Ms. Remick describes.

As such, the affidavit clearly sets forth facts that challenge those facts stated in Ms. Remick's affidavit and relied upon by the trial court in dismissing the Estate's claims. The affidavit may not be disregarded simply because Thomas Henderson has an interest in the outcome of the litigation. "This Court has held that a non-moving party may rely upon a self-serving affidavit to satisfy his reciprocal *Dresher* burden so long as the affidavit points to a genuine issue of material fact." *Carpenter v. New Age Logistics*, 9th Dist. Summit No. 27689, 2016-Ohio-281, ¶ 22, citing *Copley v. Westfield Group*, 9th Dist. Medina No. 10CA0054-M, 2011-Ohio-4708, ¶ 8. We conclude the Estate set forth evidence meeting its reciprocal burden to show there was a genuine issue as to a material fact for trial. It was therefore error for the trial court to grant partial summary judgment.

{¶10} We note that in his motion for summary judgment, Gene Henderson argued that any claim for undue influence stemming from the wire transfer must fail because the money was not transferred by way of a testamentary gift. This argument is premised on the inaccurate theory that all claims for undue influence require "a susceptible testator." Although it is well-settled that for an appellant to prevail on a will contest on the basis of undue influence, there must exist "a susceptible testator," this is not the case for claims of undue influence outside of the realm of a will contestation. *See, e.g., Hutchison v. Kaforey*, 9th Dist. Summit No. 27761, 2016-Ohio-3541, ¶ 39. Generally speaking, "[t]he elements of undue influence are: (1) a susceptible *party*, (2) another's opportunity to influence the susceptible party, (3) the actual or attempted imposition of improper influence, and (4) a result showing the effect of the improper influence." (Emphasis added.) *Lance v. Boldman*, 9th Dist. Wayne No. 16AP0032, 2018-Ohio-44, ¶ 39, citing *West v. Henry*, 173 Ohio St. 498, 501 (1962). Because there is no discussion of the individual claims or their elements by the trial court, we are unable to conclude with any

certainty whether the trial court relied upon such a faulty proposition of law in dismissing the claims.

{¶11} We further note that the trial court did not engage in an analysis with regard to any fiduciary relationship between Gene Henderson and his parents by virtue of the purported durable power of attorney. "[A]lthough there is a general presumption that the transfer of assets between family members is a gift, where the family members are also in a fiduciary relationship, the family gift presumption yields to the more specific presumption of undue influence that arises in fiduciary relationships." *Martin v. Steiner*, 9th Dist. Wayne No. 17AP0021, 2018-Ohio-3928, ¶ 15.

{¶12} The Estate's assignment of error is sustained.

### III.

{¶13} The Estate's assignment of error is sustained. The judgment of the Lorain County Court of Common Pleas granting Gene T. Henderson's motion for partial summary judgment is reversed and remanded.

Judgment reversed
and cause remanded.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the

period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
THOMAS A. TEODOSIO
FOR THE COURT

SCHAFER, P. J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

ERIC H. ZAGRANS, Attorney at Law, for Appellants.

MARK G. PETROFF, Attorney at Law, for Appellee.