[Cite as *Roth v. Tokar Tower Office Condominiums Unit Owners' Assn. Inc.*, 2023-Ohio-279.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | |
|---|---|
| RANDOLPH R. ROTH | C.A. No.    21CA011811 |
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| TOKAR TOWER OFFICE CONDOMINIUMS UNIT OWNERS' ASSOCIATION, INC. | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO CASE No.    16CV188367 |
| Appellee | |

DECISION AND JOURNAL ENTRY

Dated: January 31, 2023

SUTTON, Judge.

{¶1}    Plaintiff-Appellant Randolph R. Roth appeals from the judgment of the Lorain County Court of Common Pleas. This Court affirms.

I.

{¶2}    In February 2016, Mr. Roth filed this action against Tokar Tower Office Condominiums Unit Owners' Association, Inc., ("Tokar"). The following facts were alleged in Mr. Roth's complaint. Mr. Roth owned a unit in a condominium office building located at 124 Middle Avenue in Elyria, Ohio. The complaint alleged that on or about January 6, 2014, a suite Mr. Roth owned in that office building, Unit 203, was flooded. Mr. Roth alleged the unit flooded as a result of a burst pipe, and the burst pipe was a result of Tokar's negligent maintenance of a pipe located in the common area of the office building.

{¶3} The complaint alleged that since the date of the flooding, Unit 203 has been unfit as an office or storage space. The complaint contained claims for relief seeking damages for negligence, breach of contract, breach of fiduciary duty, violation of statutory duty imposed under R.C. 5311.14, slander of title, and illegal certificate of lien. Punitive damages were also included as a claim for relief.

{¶4} On March 4, 2019, Tokar filed a partial motion for summary judgment on the claims of negligence, breach of contract, breach of fiduciary duty, and violation of R.C. 5311.14. Mr. Roth filed a response in opposition to Tokar's partial motion for summary judgment. On October 21, 2019, the trial court granted Tokar's partial motion for summary judgment.[1]

{¶5} Mr. Roth appealed the judgment of the trial court granting partial summary judgment to Tokar, assigning one error for this Court's review.

II.

**ASSIGNMENT OF ERROR**

**THE TRIAL COURT ERRED IN GRANTING [] TOKAR'S [] MOTION FOR PARTIAL SUMMARY JUDGMENT.**

{¶6} In his sole assignment of error, Mr. Roth argues that the trial court erred in granting partial summary judgment in favor of Tokar on the counts of the complaint alleging negligence, breach of contract, breach of fiduciary duty, and violation of statutory duty imposed under R.C. 5311.14. We disagree.

---

[1] The dissent notes that the motion for summary judgment "did not include all of the allegations or timeframes discussed in the complaint." We note the reason for this is because Tokar's motion was a *partial* motion for summary judgment, and the remaining claims not addressed in the motion for summary judgment were either dismissed by Mr. Roth or settled between the parties.

**Standard of Review for Summary Judgment**

{¶7} Appellate review of an award or denial of summary judgment is de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). As this Court has previously noted, "[a] de novo review requires an *independent review* of the trial court's decision *without any deference to the trial court's determination*." (Emphasis added.) *Goodrich Corp. v. PolyOne Corp.*, 9th Dist. Summit No. 27691, 2016-Ohio-1068, ¶ 12, quoting *State v. Ross*, 9th Dist. Summit No. 26694, 2014-Ohio-2867, ¶ 33, quoting *State v. Consilio*, 9th Dist. Summit No. 27761, 2006-Ohio-649, ¶ 4. *See also State v. Trivette*, 9th Dist. Wayne No. 10CA0048, 2011-Ohio-4297, ¶ 7. "Accordingly, this Court stands in the shoes of the trial court and conducts an independent review of the record." *McFarland v. Niekamp, Weisensell, Mutersbaugh & Mastrantonio, LLP*, 9th Dist. Summit No. 28462, 2017-Ohio-8394, ¶ 14.

{¶8} Summary judgment is appropriate under Civ.R. 56 when: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977), citing Civ.R. 56(C). A court must view the facts in the light most favorable to the nonmoving party and must resolve any doubt in favor of the nonmoving party. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-359 (1992). A trial court does not have the liberty to choose among reasonable inferences in the context of summary judgment, and all competing inferences and questions of credibility must be resolved in the nonmoving party's favor. *Perez v. ScrippsHoward Broadcasting Co.,* 35 Ohio St.3d 215, 218 (1988).

{¶9} Summary judgment consists of a burden-shifting framework. The movant bears the initial burden of demonstrating the absence of genuine issues of material fact concerning the essential elements of the non-moving party's case. *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). *Id*. at 292–293. Once the moving party satisfies this burden, the non-moving party has a reciprocal burden to "set forth specific facts showing that there is a genuine issue for trial." *Id*. at 293. The non-moving party may not rest upon the mere allegations or denials in his pleadings, but instead must submit evidence as outlined in Civ.R. 56(C). *Id*. at 293; Civ.R. 56(E). Evidence specified in Civ.R. 56 (C) is "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact." Civ.R. 56(C).

### Deposition of Jay Tokar

{¶10} Jay Tokar testified that he is the president and majority owner of the Tokar Tower Office Condominiums Unit Owners' Association. Tokar has no employees and hires subcontractors to carry out its contractual obligations to the owners in the association, namely the repair and maintenance of the common elements or areas of the building. Mr. Tokar, as president of the association and the majority owner, decides what repairs are made to the building.

{¶11} Mr. Tokar's deposition elucidates the relationship between Tokar and Simplified Facilities. Mr. Tokar testified that Tokar entered into a contract with Simplified Facilities to inspect the premises of the building and report any issues with the elements of the common area to him. Mr. Tokar testified to the services Simplified Facilities provided, how often Simplified Facilities was on the premises, the nature by which Simplified Facilities conducted its inspections, and the process that was utilized to identify any problems noted by Simplified Facilities.

{¶12} With regard to the pipe that burst, Mr. Tokar testified a standpipe runs through all floors of the building, carrying water for the sprinkler system and the water pump in the basement. That standpipe is considered a common element of the building. Additionally, the pipes to bathrooms located on the third and sixth floors of the building are common elements. The pipes within each of the individual units are not considered common elements of the building, and each individual owner is responsible for the maintenance and repair of those pipes.

{¶13} Mr. Tokar could not recall which pipe burst first on the day in question. Mr. Tokar originally stated he thought a pipe burst on the fifth floor, but then said the second-floor pipe burst first and the fifth-floor pipe burst second. He did concede the pipe that burst first was in a common area of the building, and, therefore, Tokar would have been responsible for the maintenance of the pipe that burst.

**Deposition of Randolph Roth**

{¶14} Mr. Roth is a practicing attorney who owned space inside of the Tokar office building on both the second and sixth floors, including Unit 203. He testified he arrived at the office on a very cold day in January of 2014 and discovered that Unit 203 was flooded. He conceded the weather was very unusual at the time. He said he did not stick around because there were people in the office building working on mitigating the damage caused by the burst pipe, and that Jay Tokar told him the burst pipe was located on the fifth floor.

{¶15} When asked how Tokar was negligent in its maintenance of the pipes, Mr. Roth responded "[t]he only thing I know is that your client takes care of the pipes, the pipes got frozen and there was a flood." He later added, "[t]he pipes got frozen because there was bad weather, and it was really cold, and they didn't insulate the pipes."

**{¶16}** Mr. Roth also gave deposition testimony that indicated all of the damages he was seeking pertained to losses and damage to his own unit within the Tokar office building, Unit 203.

### Negligence Claim

**{¶17}** "In order to establish an actionable claim of negligence, a plaintiff must show the existence of a duty, a breach of that duty, and an injury that was proximately caused by the breach." *Reiger v. Giant Eagle, Inc.*, 157 Ohio St.3d 512, 2019-Ohio-3745, ¶ 10. "The failure to prove any one of these elements is fatal to a claim of negligence." *Id*. "The 'proximate cause' of a result is that which in a natural and continued sequence contributes to produce the result, without which it would not have happened." *Waugh v. Chakonas*, 9th Dist. Summit No. 25417, 2011-Ohio-2764, ¶ 8, quoting *Bell v. Babcock & Wilcox Co*., 9th Dist. Summit No. 15887, at \*2 (Sept. 1, 1993), quoting *Piqua v. Morris*, 98 Ohio St. 42, paragraph one of the syllabus (1918). In the absence of "circumstances [that] clearly indicate an obvious cause and effect relationship," "the issue of proximate cause is ordinarily one for determination by the jury." *Id*., citing *Ornella v. Robertson*, 14 Ohio St.2d 144, 151 (1968).

**{¶18}** In its motion for summary judgment, Tokar argued the pipes bursting was an "act of God" that exempted Tokar from liability, and further argued Tokar had maintained the duty it owed to the owners in the association by contracting with Simplified Facilities, the company contracted for site management. And because Simplified Facilities provided no notice to Tokar of any problems with the pipes, or any notice that the pipes would be susceptible to bursting, Tokar was not negligent in its duty owed to the association.

**{¶19}** In response, Mr. Roth argued Tokar failed to exercise reasonable care and diligence, therefore making the bursting of the pipes not excusable as an "act of God." With his brief in opposition to Tokar's motion for summary judgment, Mr. Roth provided an affidavit in which he

alleged, among other things, that Tokar "did not fulfill its duty to provide heat or insulation to the utility shaft or Suite 203 resulting in the pipes freezing" and as a result of this breach of duty, Mr. Roth's property was damaged. Mr. Roth did not point to any evidence to support his allegations.

{¶20} A disaster, to be attributed to the act of God, must be due directly and exclusively to a natural cause, without human intervention; if human agency cooperated with the violence of nature or the force of the elements, it is not an act of God. *Parasson Corp. v. Nicholas*, 9th Dist. Summit No. 8756, 1978 WL 215208, *3, citing *City of Piqua v. Morris*, 98 Ohio St. 42 (1918). Further, to qualify as a an "act of God," such disaster "could not have been reasonably anticipated, guarded against or resisted." *Anderson v. Schar*, 9th Dist. Wayne No. 97CA0004, 1997 WL 823970, *3. However, as this Court has previously noted, "[h]eavy snows and cold temperatures during our winters are not unforeseeable." *Gauvreau v. Bosak*, 9th Dist. Medina No. 847, 1979 WL 207651, *1 (May 31, 1979). Therefore, we find that Tokar is not entitled to summary judgment on the grounds that the cold temperatures were an "act of God" because the cold temperatures were not unforeseeable.

{¶21} Alternatively, Tokar also argued in its motion for summary judgment that there was no breach in its duty to maintain the common areas because Tokar contracted with a third-party, Simplified Facilities, to periodically inspect the premises and report any issues to Tokar. In support of its argument, Tokar points to the deposition of Jay Tokar, permissible evidence under Civ.R. 56(C). Mr. Tokar testified that Simplified Facilities was on site several times a month to make inspections, including inspections of the pipes in the building. Mr. Tokar also testified that Simplified Facilities provided no prior notice to Tokar of any problems with the pipes before the incident.

{¶22}  Here, after Tokar met its initial burden under Civ.R. 56, Mr. Roth had the burden of establishing that a genuine issue of material fact remained regarding whether Tokar had breached its duty to maintain the common area.  In his very brief response in opposition, Mr. Roth executed and attached an affidavit in which he merely recited the claims he alleged in his complaint.  While a non-moving party may rely upon a self-serving affidavit to satisfy their reciprocal burden under *Dresher*, the affidavit must "point[] to a genuine issue of material fact." *Estate of Henderson v. Henderson*, 9th Dist. Lorain No. 18CA011301, 2018-Ohio-5264, ¶ 9, citing *Carpenter v. New Age Logistics*, 9th Dist. Summit No. 27689, 2016-Ohio-281, ¶ 22.  Allowing a non-moving party to avoid summary judgment by submitting an affidavit containing nothing more than contradictions of the moving party's claims, "could enable the nonmoving party to avoid summary judgment in every case, crippling the use of Civ.R. 56 as a means to facilitate 'the early assessment of the merits of claims, pre-trial dismissal of meritless claims, and defining and narrowing issues for trial.'"  *Belknap v. Vigorito*, 11th Dist. Trumbull No. 2003-T-0147, 2004-Ohio-7232, ¶ 27, quoting *C.R. Witham Enterprises v. Maley*, 5th Dist. Fairfield No. 01 CA 54, 2002-Ohio-5056, ¶ 24.

{¶23}  On this record, we find that Tokar met its initial burden under Civ.R. 56 so as to shift the burden to Mr. Roth, who then failed to meet his burden under *Dresher* to demonstrate that a genuine issue of material fact existed as to whether Tokar was negligent. Therefore, the trial court properly granted summary judgment in favor of Tokar with regard to the negligence claim.

### Breach of Contract Claim

{¶24}  In order to establish an actionable claim for breach of contract, a party must establish the following elements of a breach of contract: the existence of an agreement, that the non-breaching party fulfilled its obligations under the agreement; a breach without legal

justification; and damages to the non-breaching party. *Niederst v. Niederst*, 9th Dist. Summit No. 28846, 2018-Ohio-5320, ¶ 1.

**{¶25}** The parties do not dispute that an agreement existed. The contract stated:

Article XV: Repair and Maintenance by the Association

15.01 Repair and Maintenance. The responsibilities of the Association *for repair and maintenance* of the Unit include:

(a) *All Common Areas*, including exterior walls and windows of the Building, excluding air-conditioning and heating systems serving Units, and that portion of the Common Areas housing said air-conditioning and heating systems.

(b) All portions of Units which contribute to support of the Building, including the foundation, the main bearing walls, but excluding painting, wallpaper, decoration or other work on the interior surfaces of walls ceiling and floors of Units.

(c) All essential damage caused by work done by the Association.

(Emphasis added.)

**{¶26}** In its motion for summary judgment, Tokar argued there was no evidence in the record to support the conclusion that Tokar breached the contract. Tokar pointed to the deposition of Jay Tokar's testimony that Tokar fulfilled its contractual duty for the inspection and maintenance of the common areas of the building by contracting with Simplified Facilities to inspect the premises of the building and report any issues with the elements of the common area to him. In his deposition, Mr. Tokar testified to the services Simplified Facilities provided, how often Simplified Facilities was on the premises, the nature by which Simplified Facilities conducted its inspections, and the process that was utilized to identify any problems noted by Simplified Facilities.

**{¶27}** Mr. Roth's response in opposition to Tokar's motion for summary judgment did not rebut Tokar's contention that it did not breach the contract because it contracted with Simplified Facilities. Mr. Roth merely recited the language in the bylaws that required Tokar to

repair and maintain the common areas. Additionally, Mr. Roth did not allege any failure by Tokar to repair any common areas; rather, he only asserted damage to his own unit.

{¶28} On this record, we find Tokar met its initial burden under Civ.R. 56. However, Mr. Roth failed to then meet his reciprocal burden under *Dresher* to demonstrate that a genuine issue of material fact existed as to whether Tokar breached the contract. Therefore, the trial court properly granted summary judgment in favor of Tokar with regard to the breach of contract claim.

**Claim for Violation of Statutory Duty under R.C. 5311.14(A)**

{¶29} R.C. 5311.14(A) states:

Unless provided otherwise in the declaration, damage to or destruction of all or any part of the common elements of a condominium property shall be promptly repaired and restored by the board of directors of the unit owners association. The cost of the repairs and restoration shall be paid from the proceeds of insurance, if any, payable because of the damage or destruction, and the balance of that cost is a common expense.

{¶30} In its motion for summary judgment, Tokar asserted that it timely made repairs to all of the common areas damaged by the flood and noted that the damages Mr. Roth is seeking are for damages to his property within his own unit. In support of this assertion, Tokar pointed to the deposition testimony of Mr. Tokar, who in his deposition explained how he immediately called his insurance company to report the burst pipe on the morning it happened, and that by the end of the day a restoration company was on site remediating both the burst pipe and any damage water caused to the common areas of the building.

{¶31} In response, Mr. Roth did not point to any common areas of the building that Tokar failed to promptly repair or restore. The affidavit Mr. Roth attached to his response in opposition to Tokar's summary judgment motion alleged damages to Mr. Roth's own unit and his personal property. It did not, however, point to any damage or destruction to the common areas that Tokar failed to repair or restore.

{¶32} On this record, we find Tokar met its initial burden, thus requiring Mr. Roth to demonstrate that a genuine issue of material fact existed as to whether or not Tokar violated R.C. 5311.14(A) by failing to restore or repair any damage or destroyed common areas of the building. Mr. Roth did not meet that burden. Therefore, the trial court properly granted summary judgment in favor of Tokar with regard to the claim for a violation of R.C. 5311.14(A).

**Breach of Fiduciary Duty**

{¶33} In order to prove a breach of fiduciary duty claim, the plaintiff must establish (1) the existence of a duty arising from a fiduciary relationship; (2) a failure to observe the duty; and (3) an injury resulting proximately therefrom. We begin by examining the nature of Tokar's duty to maintain the common areas of the property. First, Article XV of the office association bylaws requires Tokar to provide for the maintenance and repair of all common areas of the building. Second, R.C. 5311.14(A) indicates that "[u]nless provided otherwise in the declaration, damage to or destruction of all or any part of the common areas and facilities of a condominium property shall be promptly repaired and restored by the manager or board of managers." Thus, by contract and by statute, Tokar in the instant case was obligated to maintain and repair the common areas. As Mr. Roth asserts, both the declaration and the statute impose a fiduciary duty on Tokar to act in the best interests of the property owners. *See Behm v. Victory Lane Unit Owners' Assn., Inc.*, 133 Ohio App.3d 484, 487 (1st Dist.1999).

{¶34} However, as stated above, Tokar, in its motion for summary judgment, pointed to evidence in the record sufficient to meet its initial burden. It pointed to evidence that it contracted with Simplified Facilities for the maintenance of the common areas, and by immediately contacting its insurance company to repair the common areas once the pipes burst, and therefore

fulfilled its duty both under contract and statute. Mr. Roth did not point to evidence in the record to rebut Tokar's evidence that it met its duty.

{¶35} Therefore, on this record, we find that Tokar met its initial burden, thus requiring Mr. Roth to meet his burden under *Dresher* to demonstrate that a genuine issue of material fact existed as to whether Tokar violated the fiduciary duty Tokar owed him. Mr. Roth did not meet that burden. The trial court properly granted summary judgment in favor of Tokar with regard to the alleged breach of fiduciary duty.

{¶36} Mr. Roth's assignment of error is overruled.

III.

{¶37} Mr. Roth's assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETTY SUTTON
FOR THE COURT

TEODOSIO, P. J.
CONCURS.

CARR, J.
DISSENTING.

{¶38} I respectfully dissent from the judgment of the majority. I agree that the trial court did not err in concluding that Tokar was not entitled to summary judgment based upon the act-of-God defense. However, the remainder of the trial court's analysis evidences that it inappropriately shifted the initial burden to the non-movant, Mr. Roth. The trial court stated:

> While Plaintiff alleges that Tokar's failure to properly insulate the pipes or heat the utility shaft caused the pipes to break during the cold weather, Plaintiff has produced no expert report or other evidence of causation. Plaintiff has failed to produce any evidence that Tokar was aware of any problem with the pipes, that the pipes were not properly insulated, before they burst or that Simplified Facilities made any recommendations that Tokar failed to follow. Nether the deposition testimony submitted pursuant to Civ.R. 56 nor Plaintiff's affidavit which generally recites the language of the Complaint demonstrate that there are issues of fact in dispute on his claims for negligence, breach of contract, violation of statutory duty R.C. 5311.14(A) and breach of fiduciary duty. Defendant Tokar's motion for summary judgment is granted.

{¶39} Given the foregoing, "the trial court failed to properly consider [the] motion for summary judgment." *Lopez v. Hulburt*, 9th Dist. Summit No. 28817, 2018-Ohio-2499, ¶ 9. I would sustain Mr. Roth's assignment of error and remand the matter for the trial court to properly review the matter in the first instance. *See id.* at ¶ 10 ("This Court has repeatedly held that issues raised in summary judgment motions, but not considered by the trial court will not be decided by

this Court in the first instance.") (Internal quotations and citations omitted). To do otherwise, "effectively depriv[es] the non-prevailing party of appellate review." (Internal quotations and citations omitted.) *Id.* This is particularly important in this instance as the motion for summary judgment was extremely brief, did not include all of the allegations or timeframes discussed in the complaint,[2] and did not extensively elucidate Tokar's relationship between it and the company it hired to do inspections or the extent of that company's duties.

APPEARANCES:

RANDOLPH R. ROTH, Attorney at Law, pro se, for Appellant.

MATTHEW M. DUFFY, Attorney at Law, for Appellee.

MOLLY A. STEIBER HARBAUGH, Attorney at Law, for Appellee.

---

[2] For example, in the motion for summary judgment, Tokar asserted that it did not violate the duty in provision XX of the contract. However, the complaint alleged two provisions were violated, Articles XV and XX.