[Cite as *Botsch v. Allstate Ins. Co.*, 2025-Ohio-67.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

JOHN BOTSCH, et al.

    Appellants

    v.

ALLSTATE INSURANCE COMPANY, et al.

    Appellees

C.A. No.    2024CA0038-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    21CIV0880

DECISION AND JOURNAL ENTRY

Dated: January 13, 2025

FLAGG LANZINGER, Judge.

**{¶1}** John Botsch and Raymond Botsch (collectively, "Plaintiffs") appeal from the judgment of the Medina County Court of Common Pleas. For the following reasons, this Court affirms.

I.

**{¶2}** The case underlying this appeal involved a dispute as to whether Allstate Insurance Company ("Allstate") properly denied a claim for property damage to Raymond's boat. The record reveals the following background information.

**{¶3}** John and Raymond Botsch are brothers. John and his two sisters own a home in Seville, Ohio, which is their childhood home that their mother previously owned. John and his two sisters no longer live at the home. Raymond lived at the home with his mother prior to her death and continued to live there after her death. Raymond has no ownership interest in the home.

{¶4}    According to Raymond's deposition testimony, his mother died in 2017.  Shortly after her death, Raymond went to the John Braun Insurance Agency, which is the Allstate agency that procured a homeowners' insurance policy for his mother.  While there, Raymond spoke with Matt Piatt, a then-licensed insurance sales person.  Raymond explained that the purpose of speaking with Matt was to confirm that whatever homeowners' insurance policy his mother had would remain in place, and to set up automatic payments so that he (Raymond) could pay the premiums.  Because John owned the home, the homeowners' insurance policy (the "Policy") was transferred into John's name.

{¶5}    Raymond testified that he and Matt did not discuss the details of the Policy, nor the fact that he had a boat—a 30-foot Wellcraft Scarab—that he stored on the property.  According to Raymond, he did not discuss his boat with anyone at Allstate because he was "under the impression that that was already known."

{¶6}    Raymond's boat and boat trailer sustained damage when a tree fell on them during a windstorm in the fall of 2020.  According to Plaintiffs' second amended complaint, the damage resulted in a total loss and the replacement value was $250,000.  There was no dispute that the boat and trailer were not in an enclosed structure at the time they sustained damage.  Instead, they were "in the wide-open yard."

{¶7}    Raymond submitted an insurance claim to Allstate, which was later transferred into John's name as policy holder.  Allstate denied the claim on the basis that the Policy did not cover Raymond's boat or boat trailer because they were not in an enclosed structure at the time they sustained damage.  In the letter denying coverage, Allstate cited the following provision from the Policy:

Losses We Cover Under Coverage C:

> We will cover sudden and accidental direct physical loss to the property described in Personal Property Protection-Coverage C caused by the following, except as limited or excluded in this policy:
>
> . . .
>
> 2. Windstorm or hail.
>    We do not cover:
>    . . .
>    b) loss to watercraft and their trailers . . . unless inside a fully enclosed building structure.

(Emphasis omitted.)

{¶8} After Allstate denied John's claim, Plaintiffs filed a complaint against Allstate. Plaintiffs filed an amended complaint that added Matt Piatt dba Matt Piatt Insurance LLC and John Doe as defendants (collectively, including Allstate, "Defendants"). Plaintiffs later filed a second amended complaint against Defendants.

{¶9} In their second amended complaint, Plaintiffs asserted claims for: (1) breach of contract; (2) bad faith dealing; and (3) fraud. Plaintiffs based their claims on allegations that they "were assured and led to believe by the Defendants that the [Policy] would cover any loss of personal property, at replacement value," located at the home. Plaintiffs also alleged that "Defendants are contractually liable both th[r]ough the written contract and oral representations made by its employee/agent to Plaintiffs."

{¶10} After a period of discovery, Defendants moved for summary judgment. In their motion, Defendants argued, in part, that: (1) Allstate properly denied Plaintiffs' claim because the unambiguous language of the Policy excluded from coverage damage to watercraft and their trailers that were not in an enclosed structure; (2) Plaintiffs' deposition testimonies confirmed that neither John nor Raymond spoke with Matt about the details of the Policy, or requested insurance coverage for the boat; (3) Matt Piatt Insurance LLC does not exist and has never existed; and (4) the claims by John must be dismissed because John had no ownership interest in the boat and,

therefore, had no claim under the Policy. In support of their motion, Defendants relied upon the pleadings, the Policy, and the deposition transcripts of John, Raymond, and Matt.

{¶11} Plaintiffs opposed Defendants' motion for summary judgment. Consistent with their complaint, Plaintiffs argued that they "were assured and led to believe by one or more of the Defendants that the [Policy] would cover any loss of personal property, at replacement value, located at the real property." In support of their argument, Plaintiffs relied upon their amended complaint and vague references to Raymond's deposition testimony. Plaintiffs concluded:

> Viewing the evidence in a light most favorable to Plaintiffs, a reasonable juror could find that Plaintiff Raymond Botsch's conversations with Defendant Matt Piatt, a representative of Defendant Allstate Insurance Company, led Plaintiffs to believe that the boat and trailer located on the real property would be covered by the [Policy] for its replacement value.

{¶12} Defendants filed a reply in support of their motion for summary judgment. In it, Defendants reiterated that the unambiguous terms of the Policy excluded from coverage damage to watercraft and their trailers that were not in an enclosed structure. Regarding Plaintiffs' reference to any purported oral representations or assertions, Defendants cited case law for the proposition that an insurance agent's representations cannot expand the express terms of an insurance policy. Defendants also argued that there was no evidence that Defendants made any misrepresentations to Plaintiffs about insurance coverage for Raymond's boat.

{¶13} The trial court granted Defendants' motion for summary judgment. The trial court noted that there was no dispute that Matt Piatt Insurance LLC has never existed. The trial court also noted that there was no dispute that John had no ownership interest in the boat. Consequently, the trial court found that John and Matt Piatt Insurance LLC were not proper parties to the lawsuit.

{¶14} Regarding Plaintiffs' claim for breach of contract, the trial court found that "[t]he undisputed facts establish that the [Policy] included a clear, unequivocal and unambiguous

exclusion, which applied to the loss claimed by Plaintiff Raymond Botsch, as he did not have his boat or trailer in a 'fully enclosed building structure.'"  In support of this conclusion, the trial court cited the above-quoted language from the Policy.  Regarding Plaintiffs' claims for bad faith dealing and fraud, the trial court found that Plaintiffs did not meet their reciprocal burden on summary judgment because they did not present any evidence relating to those claims.

{¶15}  In light of the above findings, the trial court granted Defendants' motion for summary judgment and dismissed Plaintiffs' claims with prejudice.   Plaintiffs now appeal, raising one assignment of error for this Court's review.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED BY GRANTING DEFENDANT-APPELLEES' MOTION FOR SUMMARY JUDGMENT.

{¶16}  In its assignment of error, Plaintiffs argue that the trial court erred when it granted summary judgment in favor of Defendants.  This Court disagrees.

{¶17}  Under Civil Rule 56(C), summary judgment is appropriate if:

(1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977).  To succeed on a motion for summary judgment, the party moving for summary judgment must first be able to point to evidentiary materials that demonstrate there is no genuine issue as to any material fact, and that it is entitled to judgment as a matter of law.  *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996).  If the movant satisfies this burden, the nonmoving party "must set forth specific facts showing that there is a

genuine issue for trial." *Id.* at 293, quoting Civ.R. 56(E). This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996).

**{¶18}** As noted, Plaintiffs asserted claims for breach of contract, bad faith dealing, and fraud against Defendants. Regarding Plaintiffs' claim for breach of contract, "[a]n insurance policy is a contract, and the relationship and rights of the insurer and insured are contractual in nature . . . ." *Sarmiento v. Grange Mut. Cas. Co.*, 2005-Ohio-5410, ¶ 8. To establish a claim for breach of contract, a party must establish "the existence of an agreement, that the non-breaching party fulfilled its obligations under the agreement; a breach without legal justification; and damages to the non-breaching party." *Roth v. Tokar Tower Office Condominiums Unit Owners' Assn., Inc.*, 2023-Ohio-279, ¶ 24 (9th Dist.); *Lucarell v. Nationwide Mut. Ins. Co.*, 2018-Ohio-15, ¶ 41.

**{¶19}** Regarding Plaintiffs' claim for bad faith dealing, "an insurer has the duty to act in good faith in the handling and payment of the claims of its insured." *Ohio Natl. Life Assur. Corp. v. Satterfield*, 2011-Ohio-2116, ¶ 13 (9th Dist.), quoting *Hoskins v. Aetna Life Ins. Co.*, 6 Ohio St.3d 272, 276 (1983). "A breach of this duty will give rise to a cause of action against the insurer." *Satterfield* at ¶ 13, quoting *Hoskins* at 276. "The Ohio Supreme Court has held that '[a]n insurer fails to exercise good faith in the processing of a claim of its insured where its refusal to pay the claim is not predicated upon circumstances that furnish reasonable justification therefor.'" *Satterfield* at ¶ 13, quoting *Zoppo v. Homestead Ins. Co.*, 71 Ohio St.3d 552 (1994), paragraph one of the syllabus.

**{¶20}** Finally, fraud consists of:

"(a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into

relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance."

*Groob v. KeyBank*, 2006-Ohio-1189, ¶ 47, quoting *Gaines v. Preterm-Cleveland Inc.*, 33 Ohio St.3d 54, 55 (1987).

{¶21} Like they did at the trial court, Plaintiffs argue on appeal that Defendants assured them and led them to believe that the Policy covered any loss of personal property, at replacement value, located at the home. Plaintiffs argue that Allstate improperly denied their claim because it was "[c]ontrary to the oral representations" Defendants made to them. Accordingly, Plaintiffs conclude that the trial court erred when it granted summary judgment in favor of Defendants. For the following reasons, Plaintiffs' arguments lack merit.

{¶22} The undisputed facts establish that Defendants were entitled to judgment as a matter of law. In their motion for summary judgment, Defendants relied upon the terms of the Policy, which expressly excluded from coverage any damage to watercraft and their trailers that were not in an enclosed structure. Specifically, Defendants cited the following provision:

> Losses We Cover Under Coverage C:
> We will cover sudden and accidental direct physical loss to the property described in Personal Property Protection-Coverage C caused by the following, except as limited or excluded in this policy:
> . . .
> 2. Windstorm or hail.
>   We do not cover:
>   . . .
>   b) loss to watercraft and their trailers . . . unless inside a fully enclosed building structure.

(Emphasis omitted.)

{¶23} Defendants also cited the deposition testimony of Raymond, who confirmed that his boat and trailer were not in an enclosed structure. Instead, they were "in the wide-open yard." Defendants further cited Raymond and John's deposition testimonies to support their assertion that

neither Raymond nor John ever discussed the details of the Policy—including insurance coverage for Raymond's boat—with Matt, or anyone else at Allstate.

{¶24} According to Raymond's testimony, he and Matt did not discuss the details of the Policy, nor the fact that he had a boat that he stored on the property. Raymond explained that he did not discuss his boat with anyone at Allstate because he was "under the impression that that was already known." When asked if he ever looked at the Policy, Raymond responded that he looked at the premium page and coverage amounts.

{¶25} John testified that he did not know what insurance his mother had for the home prior to her passing. John also testified that he and Raymond never discussed purchasing homeowners' insurance for the home, and that he never saw the Policy. John further testified that he never spoke with Matt, nor anyone else at Allstate, about the Policy.

{¶26} In light of the above evidence, Defendants met their initial burden on summary judgment. *See Dresher*, 75 Ohio St.3d at 292; *see Roth*, 2023-Ohio-279, at ¶ 24 (9th Dist.) (regarding claims for breach of contract); *Satterfield*, 2011-Ohio-2116, at ¶ 13 (9th Dist.) (regarding claims for bad faith dealing); *Groob*, 2006-Ohio-1189, at ¶ 47 (regarding claims for fraud). As a result, the burden shifted to Plaintiffs to "set forth specific facts showing that there is a genuine issue for trial." *Dresher* at 293, quoting Civ.R. 56(E). As explained below, the trial court did not err when it concluded that Plaintiffs failed to meet this burden.

{¶27} In their brief in opposition to Defendants' motion for summary judgment, Plaintiffs did not dispute that the express terms of the Policy excluded from coverage damage to watercraft and their trailers that were not in an enclosed structure. Instead, Plaintiffs argued that Matt made misrepresentations to them that led them to believe that the Policy would cover damage to Raymond's boat.

{¶28}  In support of their argument, Plaintiffs relied upon: (1) the allegations in their second amended complaint; and (2) vague references to Raymond's deposition testimony.  Yet a non-moving party "cannot rely on the allegations in the complaint to satisfy its reciprocal burden[,]" and nothing in Raymond's testimony supported Plaintiffs' assertion.  *Papa's Homes, L.L.C. v. Maple Park Terrace Condominium Assn., Inc.*, 2020-Ohio-5621, ¶ 14 (8th Dist.), citing Civ.R. 56(E).

{¶29}  Raymond unequivocally testified that he never discussed the details of the Policy— nor the fact that he owned a boat—with Matt or anyone else at Allstate.  John, for his part, testified that he had neither seen the Policy, nor spoken with anyone at Allstate about the Policy.  Simply put, Plaintiffs failed to point to any evidence indicating that Matt made "oral representations" that led them to believe that the Policy covered windstorm damage to Raymond's unenclosed boat and trailer.  Even if they had, "a person has a duty to examine the coverage provided and is charged with knowledge of the contents of [his or] her own insurance policies."  *Slovak v. Adams*, 141 Ohio App.3d 838, 845-46 (6th Dist. 2001), quoting *Craggett v. Adell Ins. Agency*, 92 Ohio App.3d 443, 453 (8th Dist. 1993).

{¶30}  In light of the foregoing, the trial court correctly determined that Plaintiffs failed to meet their reciprocal burden on summary judgment.  Accordingly, the trial court did not err when it granted summary judgment in favor of Defendants.  Plaintiffs' assignment of error is overruled.

III.

{¶31}  Plaintiffs' assignment of error is overruled.  The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

JILL FLAGG LANZINGER
FOR THE COURT

CARR, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

ERIC D. HALL, Attorney at Law, for Appellants.

MARGO S. MEOLA, Attorney at Law, for Appellees.